IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA,**

v.

**ROBERT STEVEN DONNELL,**

Petitioner-Defendant.

Civil No. **20-1476 PJM**
Crim. No. **08-0581 PJM**

## MEMORANDUM OPINION

Robert Steven Donnell has filed a Motion to Vacate Judgment Under 28 U.S.C. § 2255 (ECF No. 57). For the reasons that follow, the Court **DENIES** the Motion.

### I. Background

On or about June 26, 2008, Donnell responded to a classified advertisement in the *Washington Post* regarding the sale of a 12-gauge shotgun. ECF No. 20-1 at 1. He directed another person to purchase the shotgun on his behalf. *Id.* Later that night, Donnell sold the shotgun to his neighbor for $300. *Id.* Four days later, Montgomery County, Maryland police officers made a traffic stop of a car that Donnell was driving. *Id.* After a brief conversation with officers in which one of them identified drug paraphernalia, Donnell put the car in drive and accelerated at a high rate of speed, striking two officers with the car. *Id.* The pursuit continued for several blocks, during which Donnell's car rammed a patrol car and struck another officer. *Id.* When ordered to stop, Donnell failed to comply and tried to swallow several prescription pills. *Id.* Eventually, two officers deployed their tasers and restrained Donnell before placing him under arrest. *Id.*

On December 15, 2008, Donnell was charged in a single-count indictment with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 9. On April 3,

2009, he pleaded guilty to that offense. ECF No. 20. The Court sentenced him to 78 months imprisonment followed by three years of supervised release. ECF No. 30. at 2–3. Donnell appealed his sentence, which the Fourth Circuit vacated and remanded for resentencing. The Court resentenced Donnell to 55 months imprisonment followed by three years supervised release. ECF No. 47 at 2–3.

One June 5, 2020, Donnell, through counsel, filed the pending Motion to Vacate under 28 U.S.C. § 2255 following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). ECF No. 57. Based on the Supreme Court's subsequent decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), Donnell's attorneys requested to withdraw as counsel, noting that they had sent Donnell correspondence asking if he wanted to voluntarily withdraw his Motion but he had not responded. ECF No. 58. The Court granted counsel's Motion to Withdraw on March 8, 2022. ECF No. 59. The Court now considers the Motion to Vacate Judgment.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual

innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994).

### III.    Analysis

In *Rehaif v. United States*, the Supreme Court clarified the *mens rea* requirement for firearm-possession offense under 18 U.S.C. § 922(g), holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2195 (2019).

Following *Rehaif*, the Fourth Circuit decided *United States v. Gary*. 954 F.3d 194 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021). In *Gary*, Gary was arrested, charged, and pled guilty to two counts of being a felon in possession of a firearm and ammunition in violation of § 922(g). *Id.* at 194, 199 (4th Cir. 2020). Gary was not advised during his Rule 11 plea colloquy that, if he went to trial, the Government would have been required to prove that he knew he was a felon at the time of possession. *Id.* Gary appealed based on *Rehaif*, and the Fourth Circuit found that the failure to inform Gary of the knowledge element was plain error. *Id.* at 202. The court also found that these "*Rehaif* errors" are structural and require vacatur per se. *Id.* at 202–05. Thus, Gary was not required to demonstrate actual prejudice, or that the outcome of the trial court proceedings would have been different, had he been informed of the knowledge element. *Id.* at 207–08.

Also following *Rehaif*, the Eleventh Circuit decided *Greer v. United States*. 798 Fed. App'x 483 (11th Cir. 2020), *aff'd*, 141 S. Ct. 2090 (2021). In that case, Greer was arrested, charged, and found guilty by a jury of being a felon in possession of a firearm. *Id.* at 484–85 (11th Cir. 2020). During Greer's trial, the district court did not instruct the jury that knowledge was an

3

essential element of the offense. *Id.* at 486. Following the jury's guilty verdict, Greer moved for a new trial based on the jury instruction. The Eleventh Circuit, applying plain-error review, rejected his argument and affirmed his conviction. *Id.*

The Supreme Court consolidated *Gary* and *Greer* in *Greer v. United States*, 141 S. Ct. 2090 (2021), and held that a *Rehaif* error is not a basis for plain-error relief "unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." 141 S. Ct. at 2093. A primary issue considered by the Supreme Court was whether the plain *Rehaif* error affected the "substantive" rights in Gary's case. *Greer*, 141 S. Ct. at 2097. The Court rejected the Fourth Circuit's holding that a *Rehaif* error is structural, noting that unlike other structural errors, "the omission of a single element from a plea colloquy does not deprive defendants of basic protections without which a criminal [proceeding] cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Id.* at 2100. The Court concluded that *Rehaif* errors must be examined under the normal plain-error standard and do not automatically require automatic vacatur of a sentence. *Id.*

In his Motion, Donnell relies on the Fourth Circuit's holding in *Gary* that *Rehaif* errors are structural errors that mandate vacatur. The Court notes, however, that his motion was filed prior to the Supreme Court's reversal of *Gary* in *Greer*. Given the subsequent change in law, the Court now considers whether Donnell's claim of error satisfies the standard tests of procedural default and plain-error review. The Court finds that it does not.

Procedural default bars consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show[s] cause and actual prejudice resulting from the errors of which he complains." *Johnson v. United States*, No. CR RDB-10-703, 2022 WL 684132, at *2 (D. Md. Mar. 8, 2022) (citations omitted). To overcome procedural default

on a motion under § 2255, a defendant must demonstrate both "cause" excusing the lack of direct challenge and "actual prejudice" resulting from the error being challenged. *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994) (citing *Frady*, 456 U.S. at 167–68 (1982)). To show "cause," the defendant must "show that some objective factor external to the defense" prevented raising the defaulted claim on direct review. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Actual prejudice" from a plea colloquy error requires a "reasonable probability that, but for the error, [the defendant] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). Here, there is no question that Donnell has demonstrated cause for failing to raise his claim on direct appeal since *Rehaif* was not decided until after the Fourth Circuit had already affirmed his conviction and sentence. *Id.* (citing *United States v. Dempster*, No. PJM 20-1424, 2022 WL 486791, at *3 (D. Md. Feb. 17, 2022)).

Donnell, however, has failed to demonstrate actual prejudice. To demonstrate actual prejudice, he would need to show a "reasonable probability that, but for the error, [he] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). Donnell has not asserted he was unaware of his status as a person who had been convicted of a crime punishable by a term of imprisonment exceeding one year. Indeed, at the time of his § 922(g)(1) offense, he was on parole on a sentence from D.C. Superior Court for the offense of second degree murder. Presentence Investigation R. at 8. The record clearly reflects that Donnell knew of his status as a felon. He, therefore, cannot demonstrate but for the *Rehaif* error, there is a reasonable probability he would not have entered a guilty plea. *See Greer*, 141 S. Ct. at 2098 (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)) ("demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'"). Accordingly, Donnell's claim is barred by procedural default.

In any event, Donnell's claim would still not warrant vacatur on plain-error review. Under *Greer*, a *Rehaif* error is a plain error that satisfies the first two prongs of the plain-error test. 141 S. Ct. at 2097. For the third prong—which asks whether a plain error affected a defendant's substantial rights—*Greer* requires Donnell to demonstrate that, absent the *Rehaif* error, there is a reasonable probability that he would have gone to trial and presented evidence that he did not have knowledge of his status as a convicted felon. *Id.* Again, no reasonable probability exists in this case because there is no doubt that Donnell—who, at the time the offense was committed, was on parole on a sentence for second degree murder—knew that he was a felon when he possessed the firearm. Accordingly, even if Donnell's claim were not barred by procedural default, there would be no basis to grant relief.

## IV.    Certificate of Appealability

Rule 11(a) of the Rules Governing Proceedings under § 2255 Cases directs district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability "will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that reasonable jurists would not find Donnell's claims debatable. Therefore, a certificate of appealability is **DENIED**.

## V. Conclusion

For the foregoing reasons, Donnell's Motion to Vacate (ECF No. 57) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE**.

Date: March 16, 2022

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE